UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGE MATTHEWS,<br>    No. 101442,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE,<br><br>    Defendant. | No. 3:15-cv-01507<br>Judge Campbell |

# MEMORANDUM

Plaintiff George Matthews, an inmate of the Bledsoe County Correctional Complex (BBCX) in Pikeville, Tennessee, filed this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against John Doe, an unidentified corrections officer who transported the plaintiff from the BCCX to the Louis M. DeBerry Special Needs Facility on September 14, 2015. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on September 14, 2015, while incarcerated at BCCX, the plaintiff was loaded on a bus for transport from BCCX in Pikeville, Tennessee, to the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee. As the plaintiff was loaded onto the bus, he alleges that an unknown corrections officer placed the cuffs on the plaintiff "extremely tight." (Docket No. 1 at p. 3A). When the plaintiff complained that the cuffs were too tight, the officer replied, "Stop you'uns f—ing whining and get on the f—king bus. I ain't gonna listen to no sh-t out of you'uns." (*Id.*)

When the plaintiff arrived at the DeBerry facility about five hours later, Officer f/n/u Baker removed the plaintiff's shackles. The plaintiff had blood on his socks, his leg was swollen, and there were cuts on his leg. Internal Affairs Officer f/n/u Tidwell, who was present, photographed the plaintiff's wounds and prepared a report about the incident. The plaintiff was sent to receive medical care for his injuries. The complaint alleges that the plaintiff was in pain "for numerous days" thereafter. (*Id.*)

## IV. Analysis

The only claim raised in this complaint is that, during the plaintiff's transport from one state penal facility to another, a corrections officer applied unnecessary and excessive force when he applied tight cuffs to the plaintiff's legs and refused to loosen the cuffs after the plaintiff complained, and the plaintiff sustained injuries as a result of the tight cuffs.

It appears from the complaint that the plaintiff was a prisoner, and not a pre-trial detainee,

3

at the time of the transport. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* ___ F.3d ___, ___, 2015 WL 4978463, at *4 (6th Cir. 2015)("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'")(quoting *Kingsley v. Hendrickson*, ___ U.S. ___, ___ 135 S. Ct. at 2473 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014)(quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring the court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived

4

by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)).

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S. Ct. 1175, 175 L.Ed.2d 995 (2010)). " 'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.' " *Cordell*, 759 F.3d at 581 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992)) (alteration in original). *De minmis* uses of physical force are generally excluded from recognition under an Eighth Amendment analysis, "provided the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 10, 112 S. Ct. 995 (quoting *Whitley v. Albers*, 475 U.S. 312, 318–22, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id*. at 8, 112 S. Ct. 995. In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8, 112 S. Ct. 995.

Based on the allegations in the complaint, the court finds that the plaintiff states an excessive force claim under § 1983 against defendant John Doe in his individual capacity. Although it is unclear whether the plaintiff will ultimately prevail on this claim, the allegations of the complaint survive the required PLRA's screening and warrant further factual development.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is

permissible when the defendant's identity is not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the complaint against the unidentified defendant at this juncture because of the likelihood that the identity of this defendant will be determined during discovery.

## V.     Conclusion

As set forth above, the plaintiff has stated a colorable excessive force claim against John Doe in his individual capacity under 42 U.S.C. § 1983. This claim will be allowed to proceed for further development.

An appropriate order will be entered.

*Todd Campbell*

Todd J. Campbell
United States District Judge