# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| GEORGE MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01507 |
| | ) | Judge Crenshaw |
| BRANDON COPELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

George Matthews alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was shackled too tightly while being transported from the Bledsoe County, Tennessee Correctional Complex to the Lois M. DeBerry Special Needs Facility in Nashville. The Magistrate Judge has entered a Report and Recommendation (Doc. No. 79) that recommends the Motion for Summary Judgment (Doc. No. 62) filed by Brandon Copeland and Ronald McBay be granted.

Matthews has filed objections to the R & R in the form of a "Motion in Opposition to Report and Recommendation" (Doc. No. 80). After reviewing the matter *de novo* as required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the Magistrate Judge that Matthews' claim is subject to dismissal for both procedural and substantive reasons.

### I. Procedural Deficiencies

In his objections, Matthews does not dispute that he did not comply with Local Rule 56.01 that, in relevant part, provides:

> c. Response to Statement of Facts. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant
> . . . .

> g. Failure to Respond. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

L.R. 56.01(c) & (g). Nevertheless, Matthews argues that "[a]ll facts germane to the incident in question were answered either within the body of the Motion for Summary Judgment or the Sworn Affidavit provided by the Plaintiff." (Doc. No. 80 at 2).

It is true, as Matthews asserts, that "[*p*]*ro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." (Id. at 4) (citing Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). However, "federal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" Branham v. Micro Computer Analysts, 350 F. App'x 35, 38 (6th Cir. 2009) (quoting McNeil v. United States, 508 U.S. 106, 113 (1993)). To the contrary, "it is incumbent upon litigants, even those proceeding *pro se*, to follow the . . . rules of procedure," and this includes "local and state court rules." Fields v. Cty. of Lapeer, 238 F.3d 420 (6th Cir. 2000) (citation omitted); Jawara v. Suntrust Bank, 2016 WL 2770657, at *1 (M.D. Tenn. May 12, 2016) (collecting cases for the proposition that, while liberality is afforded *pro se* pleadings, "even a *pro se* plaintiff must comply with federal [and] local rules of procedure"). It also includes local rules specifying certain procedures for responding to motions for summary judgment. See, e.g., Thorn v. McGary, 684 F. App'x 430, 433 (5th Cir. 2017) (affirming district court and stating that *pro se* plaintiff "was not excused from complying with the Federal Rules of Civil Procedure [or] the district court's local rules," including the requirement that oppositions to summary judgment "include a separate and concise statement of the material facts which the opponent contends present

2

a genuine issue"); Greer v. Bd. of Educ. of City of Chicago, 267 F.3d 723, 727 (7th Cir. 2001) (noting that local rules required plaintiff to admit or deny statement of facts and observing that, because of plaintiff's failure to do so, "district court would have been within its discretion to grant the ["defendant's] motion for summary judgment on this basis alone").

This Court's Local Rule requiring a statement of undisputed facts and responses thereto exist for a reason. Such rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). A litigant, whether proceeding *pro se* or through counsel, ignores local rules at his or her peril. United States v. Cruz, 757 F.3d 372, 381 (3d Cir. 2014); Alberti v. Carlo-Izquierdo, 548 F. App'x 625, 631 (1st Cir. 2013). The Magistrate Judge did not err in recommending dismissal partly on the grounds that Matthews did not comply with the requirement of Local Rule 56.01.

## II. Substantive Shortcomings

Matthews' noncompliance with the Local Rules aside, summary judgment is warranted on the merits. Even when the Court considers his affidavit, he has not presented a jury question on his claim that he was shackled too tightly by either Copeland or McBay in violation of the Eighth Amendment.

On numerous occasions, the Sixth Circuit has addressed the improper use of restraints, albeit usually in the context of an excessive force claim under the Fourth Amendment. In such cases, a plaintiff must allege and prove "1) "some physical injury from the handcuffing' and 2) that 'officers ignored plaintiff's complaints that the handcuffs were too tight.'" Anderson v. Theibert, 2017 WL 3140581, at *2 (6th Cir. Feb. 27, 2017) (quoting Lyons v. City of Xenia, 417 F.3d 565, 576 (6th Cir.

3

2005)).  However, "[a] factor that is not crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment is the extent of the injury inflicted," whereas "this factor is relevant to a claim brought under the Eighth Amendment for cruel and unusual punishment." Baskin v. Smith, 50 F. App'x 731, 737 (6th Cir. 2002) (collecting cases).  This is because the hallmark of an Eighth Amendment claim is "the unnecessary and wanton infliction of pain against prisoners," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011), while an excessive force claim under the Fourth and Fourteenth Amendments "operates on a sliding scale" of reasonableness. Shreve v. Franklin Cty., 743 F.3d 126, 134 (6th Cir. 2014).

"[N]ot every intrusion upon a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation," Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986), nor will "every shove or restraint gives rise to a constitutional violation" under that amendment.  Cordell v. McKinney, 759 F.3d 573, 580–81 (6th Cir. 2014).  As the Sixth Circuit in Cordell explained:

> There is an objective component and a subjective component to an Eighth Amendment claim.  Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013) (citing Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir.2001)).  First, "[t]he subjective component focuses on the state of mind of the prison officials." Williams, 631 F.3d at 383.  We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.' " Williams, 631 F.3d at 383 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).  This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.' " Hudson, 503 U.S. at 8, 112 S.Ct. 995 (quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... [w]hether or not significant injury is evident." Hudson, 503 U.S. at 9, 112 S.Ct. 995.  "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less

4

than some arbitrary quantity of injury." Id.

Id. at 580-81.

Relying on his Affidavit, Matthews argues the subjective component is met because, when he asked the transportation officer to "please adjust the leg restraint on my leg," that officer said, "stop you in [sic] f—king whinng [sic] and get on the f—king bus, I ain't gonna listen to no sh-t out of you-ins." (Doc. No. 72, Matthews Aff. ¶¶ 6-7). That Affidavit, filed after discovery was closed, also states that the leg restraints were placed on him by an "unknown Correctional Officer." (Id. ¶ 5).

There is no vicarious liability under Section 1983. Shadrick v. Hopkins Cty., 805 F.3d 724, 737 (6th Cir. 2015). Rather, "to establish personal liability in a § 1983 action" a plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right," Peatross v. City of Memphis, 818 F.3d 233, 241 (6th Cir. 2016), or that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." Coley v. Lucas Cty., 799 F.3d 530, 542 (6th Cir. 2015). Put differently, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); see Shively v. Green Local Sch. Dist. Bd. of Educ., 579 F. App'x 348, 352 (6th Cir. 2014) ("Because vicarious liability is inapplicable to § 1983 claims, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution"); Binay v. Bettendorf, 601 F.3d 640, 650 (6th Cir. 2010) (stating that "[e]ach defendant's liability must be assessed individually based on his own actions").

Here, there is no evidence that either Copeland or McBay caused Matthews to be deprived

5

of his constitutional rights. Both deny any recollection of the event in their respective Affidavits.[1]

Assuming one of them is the responsible party because both were involved in the transport of prisoners from Bledsoe on the day in question, Matthews has not shown either acted "maliciously and sadistically for the very purpose of causing harm." Shreve, 743 F.3d at 139. Apart from claiming that he once politely asked that the shackles be loosened and was curtly and (with untoward language) told to get on the bus, Matthews offers no proof that he ever raised the issue again even though, by his account, the journey lasted 5 ½ hours. Compare Tibbs v. City of Chicago, 469 F.3d 661, 666 (7th Cir. 2006) (summary judgment warranted where plaintiff "experienced pain in his wrist" for two days but plaintiff complained only "once about his handcuffs without elaborating on any injury, numbness or degree of pain during thirty minute trip") with Kostrzewa v. City of Troy, 247 F.3d 633, 640 (6th Cir. 2001) (plausible claim stated where plaintiff "repeatedly complained to the officers that the handcuffs were too tight and were causing him pain" yet, "[d]espite his complaints, the officers allegedly amused themselves by speeding unnecessarily, braking abruptly, and driving recklessly along a winding road, so as to toss [plaintiff] around the back seat of the car and place additional pressure on his wrists") and Alexander v. Cty. of Los Angeles, 64 F.3d 1315, 1323 (9th Cir. 1995) (finding question "close" but denying summary judgment where, among other things, plaintiff "testified during his deposition that he repeatedly asked that the handcuffs be removed or loosened because he was a dialysis patient," the handcuffs "were readjusted only after

---

[1] The Court notes that two Motions to Compel (Doc. No. 68, 74) were pending at the time the R & R was issued. However, both motions were untimely because they were filed after the February 15, 2017 discovery motion deadline as set forth in the Case Management Order (Doc. No. 49). Regardless, both motions are directed at discovering who was responsible for shackling Matthews. Whether that person was Copeland, McBay, or someone else matters not because Matthews has not presented evidence that the responsible party acted with the requisite malicious intent, nor has he shown sufficient injury so as to satisfy an Eighth Amendment claim. Accordingly, the Motions to Compel will be denied as moot.

he had already been handcuffed thirty-five to forty minutes" and his "hands became swollen and turned blue").

Nor has Matthews established the "sufficiently serious" objective component of an Eighth Amendment claim. In his Affidavit, he states that his ankle swelled and had "lacerations/cuts." (Doc. No. 72, Matthews Aff. ¶¶ 10). He also points to photos that were taken of his ankle upon his arrival at Deberry, and that he "was given medical treatment regarding the wounds [he] suffered as a result of th[e] unknown officer's actions." (Id. ¶ 11). The medical record from Deberry indicate that Matthews had "2 cuts @ back of ankle," one "about 1.5 cm," and the other "1 cm." (Doc. No. 1 at 30). The attached photocopied pictures appear to confirm one of the cuts. As for the "medical treatment" provided, the records from Deberry indicate that the wounds were covered with a band-aid. (Id.). There is no evidence that Matthews sought any additional treatment or returned for any necessary follow-up care.

A physical injury "need not be significant," but, as a rule,[2] "it must be more than *de minimus* for an Eighth Amendment claim to go forward." Flanory v. Bonn, 604 F.3d 249, 254 (6th Cir. 2010). "Minor lacerations and cuts" do "not rise to a level that is sufficient to sustain [an] Eighth Amendment claim." Lockett v. Suardini, 526 F.3d 866, 876 (6th Cir. 2008); see Corsetti v. Tessmer,

---

[2] This is just a general rule. The Supreme Court has stated that "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind," Hudson v. McMillian, 503 U.S. 1, 9 (1992), but it has also observed that "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). For example, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 37. Thus, "analysis of the objective prong is context specific," and "'depends upon the claim at issue." Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015) (quoting Hudson, 503 U.S. at 8). Here, Matthews' claims he was shackled too tightly but, as already indicated, there is no evidence before the Court from which a reasonable jury could conclude that Copeland, McBay, or anyone else acted with any wanton or malicious intent.

41 F. App'x 753, 755 (6th Cir. 2002) (finding that two small bruises and minor cuts that did not require medical attention were *de minimis*); Ratliff v. De Baun, 2017 WL 4365802, at *8 (W.D. Ky. Sept. 29, 2017) (stating that, "[a]lthough the Sixth Circuit has never defined a de minimis injury, there is enough case law on point for the Court to hold that the two burn marks on [plaintiff's] arm fall short of being greater than a *de minimis* injury"). Matthews injuries are insufficient to establish the objective component of an Eighth Amendment claim.

### III. Conclusion

Based on the foregoing, the R & R (Doc. No. 79) is **ADOPTED**; the Motion for Summary Judgment (Doc. No. 62) is **GRANTED**; and the Motions to Compel (Doc. Nos. 68, 74) are **DENIED AS MOOT**. Matthews' claim is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE